

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 15 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BOLAJI KAZEEM OWOLABI | Criminal Indictment<br><br>No. 1:21CR-360<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

**Counts One through Twelve**

(18 U.S.C. § 1343 – Wire Fraud)

1. Beginning on a date unknown, but at least by on or about May 3, 2020, and continuing through at least on or about June 28, 2020, in the Northern District of Georgia, the defendant, BOLAJI KAZEEM OWOLABI, aided and abetted by others known and unknown to the Grand Jury, with intent to defraud, did knowingly devise and intend to devise a scheme and artifice to defraud, by means of materially false and fraudulent pretenses and representations and by omissions of material fact, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions would be material.

**Background**

At all times relevant to the Indictment:

2. The U.S. Department of Labor, Employment and Training Administration is the federal agency that provides oversight in the Federal-State Unemployment

Insurance Program, which provides unemployment benefits to eligible workers who are unemployed through no fault of their own, as determined under state law and other state eligibility requirements. Unemployment Insurance ("UI") payments, also known as benefits, are intended to provide temporary financial assistance to eligible workers.

Employment Security Department of Washington State

3. The Employment Security Department of Washington State ("ESD") is the state agency that oversees the Unemployment Insurance program in Washington State. Through this agency, unemployment benefits may be issued to Washington residents who are unemployed because of a nationwide pandemic, such as the COVID-19 pandemic.

4. ESD receives federal funds to distribute in the form of unemployment benefits. In general, a person seeking unemployment benefits through the ESD must complete an online application that includes, among other things, the claimant's name, date of birth, social security number, and the reason why the claimant is unemployed. To be eligible for benefits, the claimant must: (1) have been recently employed in the State of Washington in the past 12 to 18 months for a minimum of 680 hours; (2) be currently unemployed; (3) be able and available to work; and (4) be actively seeking suitable full-time employment.

5. In Washington, unemployment compensation funds are most often issued in the form of a direct deposit into the claimant's designated bank account or transfer to a pre-paid debit card.

### Illinois Department of Employment Security

6. The Illinois Department of Employment Security ("IDES") is the state agency that oversees the Unemployment Insurance program in the State of Illinois. Through this agency, unemployment benefits may be issued to Illinois residents who are unemployed because of a nationwide pandemic, such as the COVID-19 pandemic.

7. IDES receives federal funds to distribute in the form of unemployment benefits. In general, a person seeking unemployment benefits through the IDES must complete an online application that includes, among other things, the claimant's name, date of birth, social security number, and the reason why the claimant is unemployed. To be eligible for benefits, the claimant must: (1) be currently unemployed through no fault of his or her own; (2) have earned $1,600 or more in wages during his or her base period for insured work; (3) have been paid at least $440 of his or her base period wages at any time during the base period outside the calendar quarter in which the claimant's wages were the highest; and (4) be registered for work with the IDES.

8. In the State of Illinois, a claimant can opt to receive unemployment benefits by direct deposit or debit card. Claimants will automatically receive their unemployment benefits by debit card, unless they register for direct deposit. The debit card will be issued in the claimant's name and mailed to the claimant. Unemployment benefit payments are transferred to the debit card.

Pandemic Unemployment Assistance

9. In response to the COVID-19 pandemic, on or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The CARES Act provides emergency financial assistance to the millions of Americans who are suffering from the economic effects caused by the COVID-19 pandemic.

10. Section 2102 of the CARES Act created a new temporary federal program called Pandemic Unemployment Assistance ("PUA") that provided up to 39 weeks of unemployment benefits and funding to states for the administration of the program. An individual who received PUA benefits may also have received a $600 weekly benefit in federal funds under the Federal Pandemic Unemployment Compensation ("FPUC") program if he or she was eligible for such compensation for the week claimed. The CARES Act also included a provision of temporary benefits for individuals who had exhausted their entitlement to regular unemployment benefits, as well as coverage for individuals who were not eligible for regular benefits, were self-employed, or had limited recent work history.

**Scheme and Artifice to Defraud**

11. As part of the scheme and artifice to defraud, the Defendant and others obtained personally identifiable information belonging to victims and then filed fraudulent claims for unemployment benefits using the victims' information.

12. To obtain unemployment benefits that they were not entitled to receive, the Defendant and others acquired the names of other persons along with their

4

dates of birth, social security numbers, and other personally identifiable information.

13. Using this information, the Defendant and others electronically submitted numerous applications for unemployment benefits to ESD and IDES. These submissions caused interstate wire communications.

14. For approved applications, ESD and IDES paid unemployment benefits by submitting direct deposits of funds to identified bank accounts and electronically transferring funds onto debit cards. In some instances, a particular debit card was identified in the application as the card where the benefits should be directed. In other instances, a debit card was issued in the claimant's name and mailed to the address listed in the application.

### Execution of the Scheme

15. On or about the dates set forth below, in the Northern District of Georgia, the defendant, BOLAJI KAZEEM OWOLABI, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice described above, caused to be transmitted by means of wire communication in interstate commerce the following wire transmissions described below, each transmission constituting a separate count:

| COUNT | DATE (ON OR ABOUT) | WIRE COMMUNICATION |
|---|---|---|
| 1 | May 3, 2020 | Submitted an online application to ESD for unemployment benefits in the name of S.E. |

| 2  | May 3, 2020   | Submitted an online application to ESD for unemployment benefits in the name of T.H. |
| 3  | May 5, 2020   | Submitted an online application to ESD for unemployment benefits in the name of K.W. |
| 4  | May 6, 2020   | Submitted an online application to ESD for unemployment benefits in the name of P.G. |
| 5  | May 7, 2020   | Submitted an online application to ESD for unemployment benefits in the name of D.C. |
| 6  | May 7, 2020   | Submitted an online application to ESD for unemployment benefits in the name of D.E. |
| 7  | May 8, 2020   | Submitted an online application to ESD for unemployment benefits in the name of S.N. |
| 8  | May 8, 2020   | Submitted an online application to ESD for unemployment benefits in the name of E.T. |
| 9  | May 8, 2020   | Submitted an online application to ESD for unemployment benefits in the name of B.T. |
| 10 | May 10, 2020  | Submitted an online application to ESD for unemployment benefits in the name of J.W. |
| 11 | June 28, 2020 | Submitted an online application to IDES for unemployment benefits in the name of H.J. |
| 12 | June 28, 2020 | Submitted an online application to IDES for unemployment benefits in the name of C.A. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Counts Thirteen through Twenty-Four

(18 U.S.C. § 1028A – Aggravated Identity Theft)

16. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 15, as if fully set forth herein.

17. From on or about May 3, 2020, and continuing through on or about June 28, 2020, in the Northern District of Georgia, the defendant, BOLAJI KAZEEM OWOLABI, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of

6

identification of another person, to wit, the social security number and date of birth of the persons identified below, during and in relation to committing the felony violation identified below:

| COUNT | PERSON | FELONY VIOLATION |
|---|---|---|
| 13 | S.E. | Wire Fraud as alleged in Count 1 of this Indictment |
| 14 | T.H. | Wire Fraud as alleged in Count 2 of this Indictment |
| 15 | K.W. | Wire Fraud as alleged in Count 3 of this Indictment |
| 16 | P.G. | Wire Fraud as alleged in Count 4 of this Indictment |
| 17 | D.C. | Wire Fraud as alleged in Count 5 of this Indictment |
| 18 | D.E. | Wire Fraud as alleged in Count 6 of this Indictment |
| 19 | S.N. | Wire Fraud as alleged in Count 7 of this Indictment |
| 20 | E.T. | Wire Fraud as alleged in Count 8 of this Indictment |
| 21 | B.T. | Wire Fraud as alleged in Count 9 of this Indictment |
| 22 | J.W. | Wire Fraud as alleged in Count 10 of this Indictment |
| 23 | H.J. | Wire Fraud as alleged in Count 11 of this Indictment |
| 24 | C.A. | Wire Fraud as alleged in Count 12 of this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Counts Twenty-Five through Thirty-Two
(18 U.S.C. § 641 – Theft of Government Funds)

18. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in paragraphs 2 through 15, as if fully set forth herein.

19. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, BOLAJI KAZEEM OWOLABI, aided and abetted by others known and unknown to the Grand Jury, did embezzle, steal, purloin,

and knowingly convert to his own use and the use of another money and things of value of the United States, namely, funds, in the amounts listed below, administered by the U.S. Department of Labor through the Federal-State Unemployment Insurance Program in the form of unemployment benefits in the names of the persons whose initials are listed below, which were deposited into the bank account and transferred to the debit cards identified below, which funds Defendant was not entitled to receive:

| COUNT | DATE (ON OR ABOUT) | PERSON | AMOUNT | BANK ACCOUNT OR DEBIT CARD |
|---|---|---|---|---|
| 25 | May 5, 2020 | K.W. | $9,320.00 | Funds transferred to Green Dot debit card ending in 4168 |
| 26 | May 6, 2020 | P.G. | $9,320.00 | Funds transferred to Green Dot debit card ending in 4168 |
| 27 | May 7, 2020 | D.C. | $7,544.00 | Direct deposit to First Citizens Bank and Trust account ending in 4559 |
| 28 | May 7, 2020 | D.E. | $9,320.00 | Funds transferred to Green Dot debit card ending in 2729 |
| 29 | May 8, 2020 | S.E. | $8,530.00 | Funds transferred to Green Dot debit card ending in 5490 |
| 30 | May 8, 2020 | T.H. | $8,530.00 | Funds transferred to Green Dot debit card ending in 4168 |
| 31 | July 31, 2020 | C.A. | $19,396.00 | Funds transferred to Green Dot debit card ending in 4774 |

| 32 | August 3, 2020 | H.J. | $19,396.00 | Funds transferred to Green Dot debit card ending in 4921 |

All in violation of Title 18, United States Code, Section 641 and Section 2.

## Forfeiture

20. Upon conviction of one or more of the offenses in Counts One through Twelve and Twenty-Five through Thirty-Two of this Indictment, the Defendant, BOLAJI KAZEEM OWOLABI, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including, but not limited to, a personal money judgment equal to the amount of proceeds obtained as a result of the offense(s).

21. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property, pursuant to Title 21, United

States Code, Section 853(p); as incorporated by Title 28, United States Code, Section 2461(c).

A ___True___ BILL

___/s/ 9/15/21___
FOREPERSON

KURT R. ERSKINE
*Acting United States Attorney*

*Kelly K. Connors*
KELLY K. CONNORS
*Assistant United States Attorney*
Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181