MAGISTRATE'S CRIMINAL MINUTES
ARRAIGNMENT
PLEA AND SENTENCE

**ORIGINAL**



|  | Time in Court: |  | Hrs. | 25 | Mins. |
|---|---|---|---|---|---|
| Filed in Open Court | Date: 9/21/2021 | Time: 2:08 pm | Tape: | FTR | |

Magistrate (presiding): Alan J. Baverman     Deputy Clerk: Lisa Enix

| Case Number: | 1:21-cr-360 | Defendant's Name: | Bolaji Kazeem Owolabi |
|---|---|---|---|
| AUSA: | Kelly Connor | Defendant's Attorney: | Keenen Twymon |
| USPO/PTR: | Ashley Brimmer | Type of Counsel: FDP | |

| | INTERPRETER: | | |
|---|---|---|---|
| X | INITIAL APPEARANCE HEARING: ( ) In This District | | Dft in custody? ( ) Yes ( ) No |
| | Due Process Protection Act Warning Given to Government's Counsel. Order on page 2. | | |
| | Defendant advised of right to counsel. ( ) WIAVER OF COUNSEL FILED. | | |
| X | ORDER appointing Federal Defender Program as counsel. (X) INITIAL APPEARANCE ONLY | | |
| | ORDER appointing | | as counsel. |
| X | ORDER giving defendant | 10/5/2021 at 11:00 am | days to employ counsel. The defendant shall have until 10/5/21 to demonstrate that the financial affidavit is not correct or have counsel enter an appearance. |
| X | Dft to pay attorney fees as follows: | $1,000 into the Registry of the Court by the close of business on 9/24/2021 | |
| X | INFORMATION/INDICTMENT FILED | | () WAIVER OF INDICTMENT FILED |
| X | Copy information/indictment give to dft (X) Yes ( ) No | | Read to dft? ( ) Yes (X) no |
| | CONSENT TO TRIAL BEFORE MAGISTRATE (Misd/Petty) offense filed. | | |
| X | ARRAIGNMENT HELD ( ) Superseding Indictment | | ( ) Dft's WAIVER of appearance filed. |
| | Arraignment continued to | @ | Request of ( ) Govt ( ) Dft |
| | Dft failed to appear arraignment | Bench Warrant Issued: | |
| X | Dft enters PLEA OF NOT GUILTY. ( ) Dft stood mute; plea of Not Guilty entered. ( ) Waiver of appearance | | |
| | PLEA OF GUILTY/NOLO as to counts | | |
| X | ASSIGNED to District Judge | Judge Boulee | (X) trial ( ) arraignment/sentence |
| X | ASSIGNED to Magistrate Judge | Judge Baverman | for pretrial proceedings. |

| X | Estimated trial time: | | Short |
|---|---|---|---|

## ARRAIGNMENT – Pg. 2          CASE NO.  1:21-cr-360-JPB-AJB

| | CONSENT TO PRE-SENTENTCE INVESTIGATION filed.  Referred to USPO for PSI and continued | |
|---|---|---|
| | until                at | for sentencing. |
| X | Government's MOTION FOR DETENTION filed.  Hearing set | for  9/23/2021 at 2pm |
| | Temporary commitment issued.  Dft remanded to custody of U.S. Marshal Services | |

**BOND/PRETRIAL DETENTION HEARINGS**

| | |
|---|---|
| | PRETRIAL DETENTION HEARING HELD. |
| | BOND HEARING HELD. |
| | GOVERNMENT'S MOTION FOR DETENTION (  ) GRANTED     (  ) DENIED     (  ) WITHDRAWN |
| | WRITTEN ORDER TO FOLLOW. |
| | HEARING HELD on motion for reduction / modification of bond. |
| | MOTION FOR REDUCTION OF BOND / MODIFICATION OF BOND (   ) GRANTED     (    ) DENIED |
| | WRITTEN ORDER TO FOLLOW. |
| | BOND SET AT $ |
| | NON-SURETY |
| | SURETY   (   ) Cash         (   ) Property         (   ) Corporate Surety |
| | SPECIAL CONDITIONS: Defendant to turn in passport to pretrial services by Monday 7/26/2021 at noon. |
| | BOND FILED; DEFENDANT RELEASE. |
| | BOND NOT EXCUTED. DEFENDANT TO REMAIL IN MARSHAL'S CUSTODY. |
| | WITNESSES: |
| | EXHBITS: |
| | Order<br><br>     Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably  favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it  effectively, and exculpatory information is not limited to information that would constitute admissible evidence.<br><br>     The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances. |